UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANA BAHLAK,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

                                           /

Case No. 2:07-cv-11344

HONORABLE STEPHEN J. MURPHY, III

## ORDER

This is a slip and fall case. The defendant has moved for an order of summary judgment and argues that Michigan common law governing the diversity action in tort mandates disposition as a matter of law in favor of the defendant.

## INTRODUCTION

The plaintiff, Rana Bahlak, fell while entering a Target store in Dearborn, Michigan on September 14th, 2006. She filed suit in Michigan state court against the defendant Target Corporation ("Target") alleging that she had slipped on an unmarked pool of water near the store entrance, and claimed that Target was liable for her resultant injuries on theories of negligence and nuisance. Target removed the case to this court based upon diversity of citizenship, docket no. 1, and the Court, per United States District Judge Paul V. Gadola granted summary judgment on the nuisance claim with Bahlak's concurrence. Target now advances three different arguments in support of its motion for summary judgment on the remaining negligence claim. First, Target claims that Bahlak has not established that there actually was water on the floor. Second, Target asserts that Bahlak has not shown that

it was the water that caused her to fall. Third, the defendant claims that because any water on the floor was an open and obvious, Bahlak cannot recover under applicable Michigan law.

Bahlak's fall was video recorded by the store's security system. This recording has been submitted as evidence in support of Target's motion, docket no. 19, ex. B, and neither party disputes its accuracy. The Court has viewed the recording, discussed its significance with counsel at a hearing held in this matter on October 7, 2008, and will rely on the events depicted in the recording in resolving the claims made in the motion presently before the Court.

## ANALYSIS

Target has moved for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as to a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or to make findings of fact. *Id*. at 1435-36. The

moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see also Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient

3

to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

I.  Evidence of Water on the Floor

During the hearing and in their papers, Target correctly notes that no water is visible on the floor in either the video recording of the incident, docket no. 19 ex. B, or the photograph taken of the relevant area immediately afterward, docket no. 19 ex. C.  The video recording also reveals other customers walking confidently across the allegedly wet spot just seconds before and after the accident occurred.  Docket no. 19, ex. B.  As a result, Target argues, Bahlak has not carried her burden of creating a jury issue as to whether water was actually there.  Although Target does not, and could not based on the evidence, dispute that Bahlak did fall, the defendant observes that under Michigan law "the mere occurrence of plaintiff's fall is not enough to raise an inference of negligence on the part of defendant."  *Stefan v. White*, 76 Mich. App. 654, 657 (1977) (cited in *Russell v. City of Detroit*, No. 256756, 2005 WL 356366, at *2 (Mich. App. Feb. 15, 2005)).

Bahlak, however, has specifically testified under oath that the floor was wet when she fell on it.  At Bahlak's deposition, she stated that "when I hit the floor my shoe was wet, and when I touched the floor it was all water."  Bahlak dep., docket no. 19, ex. B., at p. 60-61.  In response to questioning, she clarified that it was "like, when you mop the floor, how it gets really wet, that's how it was."  *Id.* at p. 61.  Bahlak also offered an explanation for why the water does not show up in the security video or the photograph: "[Y]ou can't see

4

anything because the tiles are so shiny and white that there's no way you'll see what's on the floor until you actually feel it," *id.* at p. 60; "you can't see anything on the floor, because . . . it's so white and it's so shiny," *id.* at p. 62.

The Court therefore has little option but to conclude, based on Bahlak's testimony, that a jury could find there was indeed a film of water on the floor as she entered the Target store. As a result, summary judgment is not appropriate on this ground.

II. Evidence of Causation

Target correctly states that in a Michigan negligence suit,

> [t]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

*Skinner v. Square D Co.*, 445 Mich. 153, 165 (1994) (citation omitted). Target further argues that Bahlak has adduced no evidence tending to show that it was the alleged water that actually caused her slip, but rather that she makes an unsupported evidentiary leap from the presence of the water to the cause of her fall.

Bahlak's deposition testimony was that "I felt something under my slipper just made me slip, and then when I hit the floor my shoe was wet, and when I touched the floor it was all water." Bahlak dep., docket no. 19, ex. A, at pp. 60-61. In the absence of any evidence that the "something" under Bahlak's slipper was anything other than water, this testimony can only be regarded as direct, non-speculative evidence that the water "made [her] slip." This conclusion as to causation is corroborated by the video recording, in which Bahlak's feet clearly slide across the surface of the floor before she falls, in a manner that is most

5

consistent with the presence of a slippery substance there.  Docket no. 19 ex. B.  Further, although Target argues in its brief that Bahlak's backless shoes, *see id.*; docket no. 19 ex. C, caused her to fall, the defendant has not offered evidence to support the argument.  Bahlak's own testimony was that she "was wearing a comfortable slipper" that "wasn't too high."  Docket no. 19, ex. B, at p. 60.

Therefore, the Court concludes that on the record before it a jury could find that Bahlak's slip was caused by water on the floor where she fell, as opposed to her shoes or any other cause, and that summary judgment is thus not warranted on this basis.

III.  Evidence That the Water Was Not Open and Obvious

Target states, once again correctly, that Michigan has adopted the view of the Restatement (Second) of Torts § 343(b), that "a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he . . . should expect that they will not discover or realize the danger, or will fail to protect themselves against it."  *See Bertrand v. Allen Ford, Inc.*, 449 Mich. 606, 609 (1995).  Thus, if a danger is "so obvious that the invitee might reasonably be expected to discover [it], an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee."  *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 473 (1993).  "The question is: Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?"  *Id.* at 475 (quoted in *Arias v. Talon Development Group, Inc.*, 239 Mich. App. 265, 268 (2000)).  Target claims that if there really was water on its floor when Bahlak slipped, she should reasonably have discovered it on her own, and thus it had no duty with respect to it.

This issue is considerably closer than the previous two. Rarely, if ever, will a slick of water on the floor be completely invisible to a person who is looking out for one. Ordinary puddles, under most circumstances, are discoverable on casual inspection by an average person with ordinary intelligence. Nevertheless, the video evidence in the record suggests that this was not an ordinary puddle, and while Michigan law requires Bahlak only to have conducted a "casual inspection," and not to have been on a sharp watch for such a hazard, *Novotney*, 198 Mich. App. at 475, her deposition testimony suggests that the particular floor tiling involved here may have been shiny enough to make a slick of water undetectable on such an inspection. Further, while the Court has already concluded that the absence of any appearance of wetness on the security video and photograph would not, as Target claims, compel a jury to find that no water was present, they are sufficient to *support* a jury finding that the any water that was there was not easily discoverable.

Target suggests that because Bahlak was able to see the water after she fell, she should have seen it beforehand. This suggestion, however, does not comport with the applicable legal standard in Michigan: after she fell, Bahlak presumably was conducting much more than a "casual observation" in order to figure out what she had slipped on, and what precautions she needed to take in order to safely get up and proceed. As a result, the fact that she discovered the water after slipping on it would not require a jury to find that she should reasonably have seen it before falling.

With some hesitation, the Court concludes that *Hickey v. Adler's Foodtown, Inc.*, No. 2003 WL 1689260 5 (Mich. App. 2003), does not dictate a contrary conclusion. In that case, the Michigan Court of Appeals held that "the danger posed by the accumulation of water" in a grocery store aisle "was open and obvious as a matter of law," despite the

7

plaintiff's argument – similar to Bahlak's here -- that the shiny floor tiles made it invisible. *Id.* at 5. *Hickey*, involved what the plaintiff there admitted to be a "puddle" of water caused by a leaky roof, rather than the thinner slick of mopping residue that Bahlak seems to be alleging is at issue here.[1] Further, the Court notes that Hickey was an unpublished opinion of the Michigan Court of Appeals, which pursuant to Michigan Court Rule 7.215(c)(1) "is not precedentially binding under the rule of stare decisis." The Court believes that if a Michigan court were confronted with the video and photographic evidence presented in this case, it would be unable to conclude that the particular patch or slick of water at issue was open and obvious as a matter of law.

For these reasons, the Court concludes that the open and obvious doctrine does not justify a grant of summary judgment.[2]

## CONCLUSION

---

[1] In this regard, the Court notes that Bahlak's answer of "yes" when she was asked whether the water she fell on was "[s]omething you could splash," Bahlak dep., docket no. 19, ex. A, at p. 61, nearly rendered her case indistinguishable from *Hickey*. Bahlak's immediate clarification that the water was "like, when you mop the floor," *id.*, however, when coupled with the video and photograph, leads the Court to conclude that a jury could find that the water actually was not deep enough to splash. *Id.*

[2] To the extent the defendant argues that the water on the floor was not a dangerous condition, the Court rejects that argument as well. While recent Michigan cases have granted summary judgment on other grounds to defendants who had water on their floors, none of them give any indication that a wet floor is *per se* not dangerous. *See, e.g., Cameron v. J&J Hospitality, Inc.*, No. 275380, 2007 WL 4463915 (Mich. App. Dec. 20, 2007); *Sharp v. Art Van Furniture, Inc.*, No. 267810, 2006 WL 2270390, at *1 (Mich. App. Aug. 8, 2006) (omitting any consideration of the no-unreasonable-danger argument raised by the defendant).

The plaintiff has presented evidence sufficient for a jury to find that (1) there was water on the floor tiles where she slipped in defendant's store, (2) this water caused her to slip and fall, and (3) this water was not so open and obvious that an average user of ordinary intelligence would, upon casual inspection, have discovered it and recognized the risk it posed. Accordingly, the Court will enter an appropriate order.

## **ORDER**

**WHEREFORE**, for all of the reasons set forth above, the defendant Target Corporation's motion for summary judgment is hereby **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2008, by electronic and/or ordinary mail.

Alissa Greer
Case Manager